THE MERCHANTS' INSURANCE COMPANY OF NEWARK, NEW JERSEY, V. GEORGE S. HOSMER, CIRCUIT JUDGE OF WAYNE COUNTY.

GARNISHMENT—VACATING JUDGMENT· AGAINST GARNISHEE—FILING AMENDED DISCLOSURE, AND INTERPLEADING OTHER CLAIMANTS.

Relator applied for *mandamus* to compel the respondent to set aside a judgment rendered against relator as garnishee, allow it to file a supplemental disclosure, and to direct the plaintiff to interplead certain claimants to the fund in relator's hands. An order to show cause was granted, a hearing had on petition and answer, and on October 21, 1896, the application was denied.

*A. G. Pitts* and *O. M. Leonard,* for relator, contended:

1. That relator was not guilty of such laches in failing to file its supplemental disclosure when first notified of the claim of Trowbridge as to make it liable to pay a fine of $700; that the position of a garnishee is sufficiently hard without the adoption of so harsh a rule; that relator's agent doubtless thought that as the Trowbridge claim was derived from Wood, whose claim had been put in litigation, it did not matter if nothing was said about the Trowbridge claim; that if Wood's claim was held good, the plaintiff could not recover; that if Wood's claim was bad so was that of Trowbridge; that if there had been a trial of Wood's claim it would have appeared why he was indifferent to judgment being entered for the plaintiff; that no trial was had; that plaintiff's attorney came into court and moved for a judgment founded upon the disclosure; that judgment was entered without any record being made or evidence introduced; that not even the judgment in the principal case was offered in evidence; that such proceeding is not provided for even where the indebtedness is clearly admitted in the disclosure; that there must still be a trial of some sort; citing How. Stat. §§ 8070, 8071; that it is only where no demand for trial has been filed by either party that judgment may be entered upon motion as upon declaration and· plea; citing How. Stat. § 8068; Act No. 178, Laws of 1895.

2. That the laches of the relator did not lead to the error committed by respondent; that so far as relator's motion

involved the setting aside of the judgment it was immaterial whether or not relator was in fault; that its laches had nothing to do with the entry of judgment without a trial of the issue relative to the claim of Wood; that if judgment could be entered against relator upon the disclosure it did file it could just as readily have been done if the disclosure had set forth the Trowbridge claim; that it was in connection with that part of relator's motion for leave to file a supplemental disclosure that its laches appeared; that if the judgment is set aside, leave to file the supplemental disclosure becomes a matter of course; that relator does not ask to have the judgment set aside on any other ground than that it is totally invalid; that the reason relator asks said relief is because Trowbridge is making a claim to the fund, and relator is afraid it will have to pay said claim; that the ground is as above stated; that the court did not seem to distinguish between reason and ground.

3. That there is nothing in the statute to lead to the conclusion that it is the business of the garnishee to interplead claimants; that upon principle that duty devolves upon the plaintiff; citing *Kennedy v. McLellan,* 76 Mich. 598; *Smith v. Holland,* 81 Id. 471.

4. That the action of respondent in undertaking to inquire into the claim of Trowbridge was of no validity; that it would appear from the questions asked Trowbridge that he claimed through Wood alone; that Wood never having been interpleaded was not concluded by the judgment against relator; that it appeared from the assignment to Wood that all of the insurance had been assigned to him, one half to be paid to creditors and the remainder to be returned to the Decker Manufacturing Company; that respondent declared this assignment void as a fraud on creditors; that as relator is informed the assignment was made to Wood because it was figured by the Decker Manufacturing Company that half of its insurance policies would more than pay its creditors; that afterwards when some companies refused to pay, and the rest had their losses adjusted at less than their face, and certain disputed claims were made good against the Decker Manufacturing Company, and it thus appeared that it would take all of the assets of that company to pay its debts, the assignment from Wood to Trowbridge was made, and the company assigned all of its assets to him to wind up its affairs and pay its debts as far as possible; that whether or not these facts are true is a

question to be tried in such a proceeding as is provided by the statute, and not informally upon a motion to set aside an invalid judgment; that even if Trowbridge's claim is invalid, relator has a right to be dismissed without any further expense, leaving this question to be tried between the Decker Manufacturing Company and the plaintiff and Trowbridge.

5. That *mandamus* is the proper remedy, the judgment having been rendered on motion, and without a trial; citing How. Stat. § 8068; *People v. Bacon,* 18 Mich. 247.

*Bowen, Douglas & Whiting,* for respondent, contended:

1. That the return of the respondent shows that the proceedings which resulted in the judgment complained of were regular; that plaintiff had already obtained judgment against the principal defendant; that relator had disclosed a liability subject only to a notice from one W. H. Wood that the policy had been assigned to him; that Wood had been garnished at the instance of plaintiff before the garnishment of relator; that whatever interest Wood had had been reached by this writ of garnishment; that this writ had also been served upon Wood before any pretended assignment to Trowbridge and before Trowbridge had acquired any claimed rights in the property; that judgment had been obtained against Wood as garnishee; that inasmuch as relator had not interpleaded Wood the judgment against him unappealed from was conclusive, hence the liability of the relator was not affected by any pretended claim of Wood; that relator admitted its liability subject only to the claim of Wood; that it thereupon became necessary only to introduce in evidence the files and records in the case, and show the judgment against the principal defendant.

2. That it was the duty of the relator to have interpleaded Wood and Trowbridge, which it failed to do; that respondent, however, on the hearing of relator's motion to set aside the judgment took the testimony of Wood and Trowbridge as to their rights in the fund; that respondent became convinced that any pretended assignment to Wood of this insurance money was void; that Trowbridge had no right to the funds, and refused to set aside the judgment.

3. That the proper remedy to set aside the judgment is by writ of error; citing *Mabley v. Judge of Superior Court,* 32 Mich. 190; *O'Brien v. Tallman,* 36 Id. 15; *Olson v. Circuit Judge,* 49 Id. 88.

The facts as established by the answer were:

1. That on March 27, 1895, relator was garnished in a suit that day commenced in the circuit court for Wayne county by Alphonse Posselius and others against the Decker Manufacturing Company; that on April 13, 1895, relator filed its disclosure, in which it denied all liability as such garnishee; that it based its denial upon the following alleged facts:

*a*—That on November 6, 1894, the relator issued an insurance policy for $1,000 in favor of the principal defendant; that afterwards said defendant sustained a loss by fire of the insured property; that said loss had been adjusted at the sum of $752.17.

*b*—That on March 21, 1895, relator received from one W. H. Wood a notice in writing of the assignment to said Wood of said insurance, and that relator was required to pay the same to said Wood.

*c*—That before being served with said writ of garnishment, relator had been garnished at the suit of Detroit Cash Register Company, Limited, v. The Decker Manufacturing Company, in which suit the plaintiff sought to charge relator for said insurance money under the name of Merchants' Insurance Company of New Jersey; that said suit was still pending and undetermined.

2. That on April 24, 1895, the plaintiffs filed a demand for a trial of the statutory issue framed in said garnishment proceeding, and served the same upon relator.

3. That relator never took any steps to interplead said Wood in said garnishment proceeding.

4. That on March 27, 1895, upon the affidavit of one of the plaintiffs duly filed, W. H. Wood was summoned as garnishee of said Decker Manufacturing Company; that said Wood filed a disclosure denying all liability as such garnishee; that such proceedings were thereafter had as resulted in the examination of said Wood as such garnishee, the filing of the report of the circuit court commissioner before whom said examination was had, the trial of the statutory issue thus framed, the filing on said trial of a stipulation by said Wood, in which he waived any claim that he might have to the insurance moneys in the hands of the several insurance companies garnished in the principal cause, and consented that judgment might be entered accordingly, but without costs; that said Wood should not be personally liable on said judgment, the purpose of the stipulation being to vest in the plaintiff, subject to the rights of other garnishments in their order, the right to the moneys reached by the writs of garnishment due from the several insurance companies against which writs might have issued in said principal cause, free from any claim of said Wood by reason of his disclosure or otherwise; which judgment was entered accordingly.

5. That on February 28, 1896, plaintiffs obtained a judgment against the Decker Manufacturing Company for $2,198.27.

6. That in June, 1896, the statutory issue framed in the proceeding against relator came on for trial before Edward D. Kinne, circuit judge of Washtenaw county, who was then sitting as an additional circuit judge in the Wayne circuit court; that, as shown by the statement made by Judge Kinne, and made a part of the respondent's return, relator was represented by its attorney, and the plaintiffs by its attorney, who also represented the Detroit Cash Register Company; that it was just after the noon hour, but before adjournment; that the stenographer had left; that after hearing counsel Judge Kinne decided to proceed with the case; that each of the counsel made a full statement of what he claimed; that counsel for plaintiffs offered in evidence the files and records in the original case, showing the rendition of judgment against the principal defendant; that it further appeared that the plaintiffs had obtained judgment by stipulation against said Wood; that it appearing to the said Kinne that relator was indebted to the principal defendant, that judg-

ment had passed against said Wood, who had claimed an assignment of the insurance policy of relator, thus cutting off his claim, judgment was rendered in favor of the plaintiffs, and against relator for the amount then due from it to the principal defendant as shown by its disclosure.

7. That on June 18, 1896, relator moved to set aside said judgment, for leave to file a supplemental disclosure, and to interplead said Wood and one Frank C. Trowbridge, who, as claimed by relator, had on or about June 1, 1895, notified relator by mail that the entire interest of said Wood and the principal defendant in the insurance moneys due on the policy issued by relator, had been by said Wood assigned to said Trowbridge; that the principal defendant had consented to his substitution in the trust, and that said Trowbridge was the owner of said insurance moneys in trust for the said principal defendant, and as such entitled to any and all payments to be made thereon; that on the hearing of said motion it appeared from the statement of counsel that the only question raised by relator's counsel was whether or not it would be liable to be sued again by said Trowbridge; that in order to have said question determined respondent adjourned the hearing of said motion and ordered said Trowbridge and Wood to appear in court on the following day, and show what right or claim they had to the fund garnished in the hands of the relator; that on the following day said Trowbridge and Wood appeared in court; that there were also present relator's attorneys, the attorney for the Detroit Cash Register Company, and the attorney for plaintiffs; that the attorney for the Detroit Cash Register Company stated that it claimed no lien upon said fund; that thereupon said Trowbridge and Wood were sworn and examined by counsel on both sides as to the interest of said Trowbridge in said fund; that it appeared by the testimony of said Wood that relator's insurance policy and certain other insurance policies had been

assigned to him by the Decker Manufacturing Company; that respondent decided and held said assignment void under How. Stat. § 6184, inasmuch as it reserved to the Decker Manufacturing Company fifty per cent. of the insurance moneys to be collected by said Wood from the policies so assigned; that it also appeared from the testimony of said Trowbridge that whatever claim he had, through assignments from said Wood or the Decker Manufacturing Company, were subsequent to the service upon relator of said writ of garnishment; that as held by respondent, inasmuch as it appeared that judgment had been taken against said Wood by stipulation, his rights were cut off thereby, and respondent refused to set aside the judgment against relator.